# In the United States Bankruptcy Court for the Southern District of Georgia
## Savannah Division

| | |
|---|---|
| In the matter of: | Adversary Proceeding |
| KATHY A. CLARK<br>(Chapter 13 Case Number 06-41391) | Number 08-4006 |
| *Debtor* | |
| KATHY A. CLARK,<br>Individually and as custodian and<br>legal guardian of<br>KATHRYN RENEA CLARK | |
| *Plaintiff* | |
| v. | |
| PALM HARBOR HOMES, INC.,<br>SCOTT LAMIRAND,<br>MICHAEL MARX, and<br>BRYAN COUNTY | |
| *Defendants* | |

### MEMORANDUM AND ORDER

Debtor filed for Chapter 13 on October 3, 2006. On February 8, 2008, Debtor filed an adversary proceeding, and on July 8, 2008, Defendants Palm Harbor Homes, Inc. ("PHH"), Scott Lamirand ("Scott"), and Michael Marx ("Marx") filed a Motion to Dismiss Debtor's adversary. On August 11, 2008, Debtor filed a brief in response to the

Motion to Dismiss. After a hearing on the merits, I now enter the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Debtor contracted with Defendant PHH to purchase a new Palm Harbor modular home and for PHH to provide the delivery, set up and other components such as foundation, HVAC, septic, well, electric, culvert, and land clearing and grading. Complaint, Dckt.No. 1, ¶ 6; Answer, Dckt.No. 5, ¶ 6. Debtor claims that:

> Defendant failed to timely deliver the home, delaying set up for more than eight months after the contract was signed. Even after the home was set, it had problems with leaks, severe foundation and support problems, serious electrical issues and various other defects which PHH would not repair.
>
> Brief, Dckt.No. 21, pg. 1-2 (August 11, 2008).

Debtor initiated a lawsuit in the Superior Court of Chatham County against Defendants PHH, Scott, Marx, and Bryan County ("County"). PHH then moved to stay the proceedings and compel arbitration. The Superior Court found the matter was governed by the Georgia Arbitration Code (O.C.G.A. § 9-9-1 et.seq.) and entered an order compelling arbitration. Complaint, Dckt.No. 1, ¶ 8; Answer, Dckt.No. 5, ¶ 8.

Thereafter, Debtor filed for Chapter 13 which stayed the arbitration and the

Superior Court proceeding. PHH filed a secured claim in Debtor's case for $225,814.10. On February 30, 2007, Debtor filed an objection to PHH's claim. Objection, Case No. 06-41391, Dckt.No. 30.

After a response filed by PHH and a hearing, this Court ordered relief from stay on April 3, 2007 for the purpose of litigating the matter before an arbitrator. The order specifically stated:

> IT IS HEREBY ORDERED, ADJUDGED and DECREED that Palm Harbor's Motion for Relief from the Automatic Stay be accordingly, GRANTED for the limited purpose of arbitrating the disputed amount;
>
> IT IS FURTHER ORDERED that Palm Harbor's current claim in this case be allowed in the principal amount of $112,554.03, plus accrued interest and late charges from the date of filing, less $2,000 in payments by debtor;
>
> IT IS FURTHER ORDERED that following the arbitration between the parties, the allowed claim of Palm Harbor shall be adjusted to include amounts awarded, if any, from said arbitration;
>
> Consent Order, Case No. 06-41391, Dckt.No. 38, pg. 1 (April 3, 2007).

The parties thereafter arbitrated the matter before arbitrator Donald M. McDonald with the American Arbitration Association construction arbitration tribunal. Complaint, Dckt.No 1, ¶ 10; Answer, Dckt.No. 5, ¶ 10.

On November 19, 2007, Mr. McDonald entered an arbitration award ("Award"). The Award provided the following in "three parts to conform with the consolidated order of" this Court.

> Part 1. " . . . for the limited purpose of arbitrating the disputed amount;" The disputed amount being $44,632.00 as set forth in Mechanic's Lien...
>
> - The arbitrator AWARDS a total of $50,264.48 including interest of 7% per annum through November 30, 2007 for the disputed amount to the Claimant.
>
> Part 2. " . . . Palm Harbor's current claim in this case be allowed in the principal amount of $112,554.03 plus accrued interest and late charges from the date of filing. Less $2,000 in payments by debtor;"...
>
> - The arbitrator AWARDS a total of $119,439.33 including interest of 7% per annum through November 30, 2007, without any late charges, for the currently due principal amount to the claimant.
>
> Part 3. " . . . the allowed claim of Palm Harbor shall be adjusted to include amounts awarded, if any, from said arbitration;"...
>
> The arbitrator AWARDS as follows in the above subject areas:
>
> - a) [delays in constructing and completing the modular home:] The arbitrator is convinced that the delays in constructing and completing the modular home contributed to the loss of permanent financing by the [Debtor] and led to other expenses that may have been precluded with more timely completion which is a much advertised advantage for a modular home. Proper follow-up on warranty items would also have minimized these costs.

These costs total $59,306.08 which is herewith AWARDED to the [Debtor].

- b) [disregard of the contract, particularly the Move-In-Policy, when the homeowner moved into the home prior to closing and remained in the home for some 15 months without any payments:] Since no claims were made by either party in this area, no AWARD is granted. The Claimant may have been held liable for any losses or damages during this period . . .

- c) [complete breakdown in relationships between the parties including lack of civility and a misappropriated check:] An AWARD of $9,907.00 is granted to the [Debtor] in this area which includes $9,000.00 in punitive damages.

- d) [claims for medical treatment and payment for medical bills:] No AWARD is granted in this area. It must be noted that the arbitrator stated that he had no expertise to evaluate medical claims and how they might relate to this home construction. No testimony was heard on this claim. This claim should be considered, if at all, in a forum different from construction arbitration.

- e) [rejection of home and return of same to Claimant:] No AWARD is granted in this area. In fact, no testimony was heard on this claim which was first meaningfully presented in [Debtor's] POST TRIAL BRIEF received by the arbitrator after the close of oral hearings. Such claims must be denied.

- f) [attorney's fees] No AWARD is granted in this area. Any claim for attorney fees must be made in a court of competent jurisdiction.

The arbitration Award concluded:

> In summary, the arbitrator AWARDS $169,703.81 to [PHH and Scott] and AWARDS $69,213.08 to [Debtor]. The net AWARD of $100,490.73 to [PHH and Scott] will be due within 90 days of the date of this AWARD to enable [Debtor] to obtain permanent financing. [PHH and Scott] must withdraw the Mechanic's Lien immediately and forego any foreclosure attempts for the same 90 day period. No interest, or other charges, shall accrue during this grace period.

Complaint, Dckt.No. 1, Exhibit.

On February 8, 2008, Debtor filed an adversary proceeding seeking: (1) that the Court confirm the arbitration award, subject to some modifications; (2) this Court to order Defendant Palm Harbor Homes, Inc ("PHH") to repair her mobile home or award Debtor for the cost of repairs; (3) an award of attorney's fees; (4) that the Court compel Defendant Bryan County to enforce its ordinance with regard to building codes and cite Defendant PHH for its failure to construct the home in accordance with its building codes; (5) enjoin all collection and foreclosure proceedings; and (6) allow Debtor additional time to secure permanent financing and an injunction against collection efforts by PHH until it has repaired her mobile home. Complaint, Dckt.No. 1.

After filing their answer, Defendants PHH, Scott, and Marx filed a Motion to Dismiss Debtor's Adversary Proceeding with prejudice, arguing that "[Debtor's] adversary proceeding and the allegations raised therein are, in whole or in part barred by virtue of the doctrine of *res judicata*, in as much as they are identical to that raised in the binding

arbitration between plaintiff and Palm Harbor. Further, any issue raised in this adversary is certainly barred by the doctrine of collateral estoppel." Defendants also argue that this Court does not have jurisdiction over this adversary proceeding because it "is little more, if any, than an appeal of binding arbitration and cannot be heard as an appeal in this Court." Motion, Dckt.No. 9 (July 8, 2008).

Debtor filed her Response to Defendants' Motion, arguing that (1) in arguing res judicata and collateral estoppel, Defendant should have filed a Summary Judgment and not a Motion to Dismiss thus "the threshold to withstand such a motion is 'exceedingly low'."; (2) the arbitration did not even discuss "mandamus relief against the County requiring it to act in accordance with its obligation to inspect and enforce building codes;" thus res judicata has "no relevance" in that issue; (3) the arbitration award explicitly stated it lacked jurisdiction to determine whether attorney's fees should awarded; (4) O.C.G.A. § 9-9-13(b)(5) expressly empowers the court to scrutinize and vacate a portion or all of an arbitration award; and (5) PHH is obligated to make the repairs to the house and their refusal to do so is in blatant disregard of the law. Brief, Dckt.No. 21 (August 11, 2008).

At the hearing on August 27, 2008, a dispute arose as to whether PHH had the obligation to repair Debtor's home. Since the repairs had not been done, Debtor argued that prevented her from receiving alternative financing as required by the arbitration order. PHH on the other hand argued that the arbitration award implied that PHH no longer has the obligation of repairing Debtor's home.

Because of this dispute, Debtor requested clarification from the Arbitrator. Specifically, Debtor asked for the following:

> [Debtor] requests that the Court clarify its order by making the finding that Palm Harbor is obligated to correct all deficiencies with regard to the house, including any deficiencies in the foundation and footings pursuant to its warranty. Ms. Clark further requests that the Court extend the time for her to acquire a final loan on the property until at least 60 days after the date which Palm Harbor completes all corrections of defects in accordance with its warranty.
>
> In the event that the Arbitrator contends that he has already made a finding with regard to damage and repair in its previous award, Ms. Clark requests that the court clarify as to how Palm Harbor is not obligated to make repairs pursuant to its warranty and further asks that the Arbitrator break down its damages award to show the amounts awarded for repairs and specific repairs found.
>
> Correspondence Letter, Dckt.No. 31, pgs. 5-6 (March 17, 2009).

The Arbitrator then replied:

> After more than 30 years of service as an arbitrator, I am rarely surprised by an unprecedented and unpredictable actions of the Parties.
>
> In this matter, requesting "clarifications" some 14 months after the AWARD is well beyond any reasonably contemplated time frame (i.e., 20 days is set forth for "modifications" in the Arbitration Rules). The Rules also state: "The Arbitrator is not empowered to redetermine the merits of any claim already decided.

8

The Arbitrator finds that any attempt to address the "clarifications" motions would necessarily become involved in the redetermination of the merits already decided and therefore DENIES the Motions for Clarification.

In support of this finding:
It must be noted that the Respondent/Counterclaimant's Motion's statements go well beyond any testimony and/or exhibits presented during the evidentiary hearings.

Several examples:

. . . .
3. "... Ms. Clark requests that the Court (sic) clarify as to how Palm Harbor is not obligated to make repairs pursuant to its warranty..." The Arbitrator can find nothing in the AWARD in support of the foregoing statement.

4. "... and the Claimant anticipates that the County will condemn this house without this repair." This possibility was not given any consideration by either Party during the evidentiary hearings. Despite the dire findings by the State of Georgia, which were unpersuasive to the Arbitrator, no legal action has been taken by the Respondent/Counterclaimant to rectify the alleged unlivable conditions.

Correspondence, Dckt.No. 29, pgs. 3-4 (March 5, 2009).


## CONCLUSIONS OF LAW

Defendants PHH, Scott, and Marx filed a Motion to Dismiss alleging: (1) that this Court does not have jurisdiction over this adversary proceeding because it "is little more, if any, than an appeal of binding arbitration and cannot be heard as an appeal in this Court;" and (2) "[Debtor's] adversary proceeding and the allegations raised therein are, in whole or in part barred by virtue of the doctrine of *res judicata*, in as much as they are

identical to that raised in the binding arbitration between plaintiff and Palm Harbor. Further, any issue raised in this adversary is certainly barred by the doctrine of collateral estoppel." Motion, Dckt.No. 9 (July 8, 2008).

Whether the arbitration matter is governed by the Georgia Arbitration Code (O.C.G.A. §9-9-1 et seq.) or the Federal Arbitration Act (9 U.S.C. § 1 et seq.)., this Court has the ability to confirm, modify, or vacate an arbitrators award. The Georgia Arbitration Act provides, in pertinent part:

> O.C.G.A. § 9-9-12. Confirmation of an award.
>
> The court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified by the court as provided in this part.
>
> O.C.G.A. § 9-9-14. Modification of award
>
> (b) The court shall modify the award if . . . .
>
> (2) The arbitrators awarded on a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted.

The modification provision "must be strictly construed, and . . . the statutory bases of [this provision] provide the exclusive grounds for the modification of an arbitration award." Ralston v. City of Dahlonega, 236 Ga.App. 386, 387, 512 S.E.2d 300, 302 (Ga.Ct.App. 1999)(*citing* Greene v. Hundley, 266 Ga. 592, 594-95, 468 S.E.2d 350 (Ga. 1996)). The

Federal Arbitration Act provides, in pertinent part:

> 9 U.S.C. § 9. Award of arbitrators; confirmation; jurisdiction; procedure
>
> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award may pursuant to the arbitration, and shall specific the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.
>
> 9 U.S.C. § 11. Same; modification or correction; grounds; order
>
> In either of the following cases the United States court in and for the district wherein the award was made may make an order modifying or correcting the award upon the application of any party to the arbitration –
>
> (b) where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> The order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties.

In this Court's order granting PHH relief from stay to proceed in arbitration, this Court limited the purpose of the arbitration to determining the disputed amount of

AO 72A
(Rev. 8/82)

11

Debtor's underlying state law claim and adjustment of the allowed claim of PHH to include any amounts awarded by the Arbitrator. *See* Consent Order, Case No. 06-41391, Dckt.No. 38, pg. 1. Despite the limitations of that order, the Arbitrator also provided a 90 day period for Debtor to pay the full amount so she could obtain permanent financing. *See* Complaint, Dckt.No. 1, Exhibit.

The Arbitrator exceeded the scope of this Court's instructions and under both Georgia and Federal statutes, this Court has the jurisdiction to modify and correct the arbitration award. *See* Universal Mgmt. Concepts, Inc. v. Noferi, 270 Ga.App. 212, 214-15, 270 S.E.2d 899, 901-02 (Ga.Ct.App. 2004)(held that an arbitrator's award, entered in binding arbitration of a dispute between employee and employer over commissions due under written employment contract could be modified by trial court so that award could conform with provisions of settlement agreement between employer and employee when arbitrator exceeded the parameters established by said agreement.).

As a result, this Court now modifies the arbitration award and deletes the part of the Award that requires Debtor to pay the arbitration award to Defendants within 90 days and requires Debtor to obtain permanent financing. Subject to this modification, I hold that the arbitration award shall be enforced in this Court in that Palm Harbor is allowed a claim in the amount of $100,490.73. That claim will be treated as a secured claim.

Defendants ask for Debtor's entire adversary to be dismissed with prejudice

based on the doctrine of res judicata. For Plaintiff's adversary to be dismissed on res judicata grounds, both under Georgia law[1] and federal law,[2] the parties must have been identical in both causes of action. County was not represented in the arbitration, thus Debtor's adversary can not be dismissed under the res judicata doctrine.

However, "if the elements of collateral estoppel are met, the doctrine of collateral estoppel could be applied to the arbitration Award, notwithstanding the fact that it is unconfirmed" or the award contains no findings of fact. Borchers v. DBL Liquidating Trust (In re Drexel Burnham Lamberts Group, Inc.), 161 B.R. 902, 907 (S.D.N.Y. 1993); *see also* Greenblatt v. Drexel Burnham Lambert, Inc., 763 F.2d 1352, 1361 (11th Cir. 1985); In re Gelinas, 2007 WL 1184075, at *4 (Bankr.S.D.Fla. Apr. 18, 2007); Bennett v. Cotton, 244 Ga.App. 784, 785, 536 S.E.2d 802, 804 (Ga.Ct.App. 2000)("Under Georgia law, preclusion

---

[1] Under Georgia Law,

> The doctrine of res judicata provides that [a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside. That is, res judicata prevents the relitigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action... A privy has generally been defined as one who is represented at trial and who is in law so connected with a party to the judgement as to have such an identity of interest that the party to the judgment represented the same legal right. It has also been said that before privity can be established, the interests of the party must fully represent the interests of the privy and be fully congruent with those interests.

> Butler v. Turner, 274 Ga. 566, 568, 555 S.E.2d 427 (Ga. 2001); *see also* Morris v. Nexus Real Estate Mortgage & Inv. Co., 296 Ga.App. 477, 675 S.E.2d 511 (Ga.Ct. App. 2009).

[2] "In the Eleventh Circuit, a party seeking to invoke the doctrine [of res judicata] must establish its propriety by satisfying four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001).

doctrines apply to arbitration proceedings.").

Under Georgia law, a party may only assert the doctrine of collateral estoppel if the issue was (1) raised in a prior proceeding, (2) actually litigated and decided, and (3) necessary to final judgment. Boozer v. Higdon, 252 Ga. 276, 278, 313 S.E.2d 100, 102 (Ga. 1984)("In order to successfully plead collateral estoppel, ... one must prove that the contested issues, even though arising out of a different claim, were actually litigated and decided and were necessary to the prior decision."); *see also* Kent v. Kent, 265 Ga. 211-12, 452 S.E.2d 764 (Ga. 1995)("collateral estoppel applies where an issue of fact or law is actually litigated and determined by a valid by a valid judgment, *and* the determination is essential to the judgment.").

Federal law has similar factors: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding. CSX Transp., Inc. v. Bhd. of Maint. of Way Employees, 327 F.3d 1309, 1317 (11th Cir. 2003).

Based on these factors, I find that the following issues were decided by the arbitrator, critical and necessary to the Award judgment, Debtor had a full and fair

14

opportunity to litigate, and will not be relitigated in this Court:

    (1) the amount of PHH's current claim;

    (2) the amount of the Mechanic's lien;

    (3) the following damages incurred by Debtor:

        (a) delays in constructing and completing the modular home

        (b) disregard of the contract, particularly the Move-In-Policy, when the homeowner moved into the home prior to closing and remained in the home for some 15 months without any payments.

        (c) complete breakdown in relationships between the parties including lack of civility and misappropriated check.

        (d) rejection of home and return of same to defendant.

The following issues were either not ruled on by the arbitrator, the arbitrator exceeded the scope of his authority, or he reserved the issue for another court to decide, thus collateral estoppel does not apply. These issues must be litigated further.

    (1) Whether PHH is obligated to make warranty repairs of the home and whether the warranty period is extended from its contractual expiration date.

    (2) Whether Debtor is obligated to seek permanent financing and the time frame for performance.

    (3) The method and time frame of Debtor's payment on Defendants claims.

(4) whether to compel Defendant Bryan County to enforce its ordinance with regard to building codes and cite Defendant PHH for its failure to construct the home in accordance with its building codes;

(5) whether to enjoin all collection and foreclosure proceedings; and

(6) the following damages alleged to have been incurred by Debtor:

    (a) claims for medical treatment and payment for medical bills

    (b) attorney fees

    (c) any damages not discovered at the time the arbitration matter was presented to the arbitrator and which came to light as a result of inspections by city of county or state authorities.

## ORDER

Based on the foregoing, IT IS THE ORDER OF THIS COURT that the Defendants' Motion to Dismiss is Denied.

FURTHER ORDERED that the parties are granted forty-five (45) days to complete discovery and a Final Pre-Trial Order is due on July 22, 2009.

                                                    /s/ Lamar W. Davis, Jr.
                                                    Lamar W. Davis, Jr.
                                                    United States Bankruptcy Judge

Dated at Savannah, Georgia

This 27th day of May, 2009.