# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By cking at 12:11 pm, Oct 07, 2009

In the matter of: )
)  Adversary Proceeding
KATHY A. CLARK )
(Chapter 13 Case Number 06-41391) )  Number 08-4006
)
*Debtor* )
)
)
)
KATHY A. CLARK, Individually and )
as custodian and legal guardian of )
KATHRYN RENEA CLARK )
)
*Plaintiff* )
)
)
v. )
)
PALM HARBOR HOMES, INC., )
SCOTT LAMIRAND, )
MICHAEL MARX, and )
BRYAN COUNTY )
)
*Defendants* )

## MEMORANDUM AND ORDER
## ON MOTION FOR SUMMARY JUDGMENT

Debtor Kathy A. Clark purchased a modular home in 2005 from Palm Harbor Homes ("PHH"). The contract price included delivery and installation of the home. After some difficulty surrounding the installation of the home, it was finally installed and passed inspection on November 22, 2005, at which point a Certificate of Occupancy was

issued. Debtor initiated a lawsuit in Superior Court of Chatham County and that Court compelled arbitration. Debtor filed Chapter 13 on October 3, 2006. This court granted PHH relief from stay for the purpose of arbitrating the issue. The parties entered arbitration and an award was entered on November 19, 2007. Debtor instituted this adversary proceeding on February 8, 2008. In Debtor's five Counts, one names Defendant Bryan County (Count V). That Count "requests that the Court compel Defendant Bryan County to enforce its ordinances with regard to building codes and cite Defendant PHH for its failure to construct the home in accordance with code and compel full repair by Defendant PHH." Defendant Bryan County filed a Motion for Summary Judgment on August 27, 2009, raising multiple grounds for Summary Judgment. Based on the parties' pleadings and motions, and authority on the issue, I now make the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

In 2005 Debtor contracted with PHH for the purchase, delivery, and installation of a modular home.[1] Complaint, Dckt.No. 1, ¶ 6 (February 8, 2008); Answer, Dckt.No. 5, ¶ 6 (March 6, 2008). Debtor claims that PHH employed a contractor to pour the footer foundation and stemwall. Brief in Opposition, Dckt.No. 70, p. 3 (September 16, 2009).

---

[1] A modular home is a pre-fabricated home that is delivered to the home site in two pieces. The two pieces are placed by a crane on a poured-concrete foundation (made up of a footer and a stemwall) similar to a traditional foundation and the pieces are "buckled" together. The foundation is essentially an outline of the house with supports strategically placed under the home to hold it up. The home is then attached to the foundation. Smiley Depo. ¶. 17-19.

Bryan County's alleged involvement as it relates to this motion arises from the following contentions: Franklin Swain, County inspector, was called to the site and inspected the footer foundation on July 28, 2005. Mr. Swain passed the footer foundation. On August 5, 2005 Mr. Swain was again called to the site to inspect the stemwall. Mr. Swain also passed the stemwall inspection. Brief in Support, Dckt.No. 59, p. 4 (August 27, 2009). The home was delivered and installation began in summer of 2005. Motion, Dckt.No. 59, p 3. Debtor alleges that the house would not fit on the stemwall because PHH had given the contractors the wrong foundation plans for the home Debtor had purchased. Brief in Opposition, Dckt.No. 70, p. 3 (September 16, 2009).

Debtor claims that PHH solved the mismatch issue by altering the perimeter of the footer and stemwall. Brief in Support, Dckt.No. 59, p. 6. Bryan County was not called back to reinspect the footer and stemwall after the alterations. Brief in Opposition, Dckt.No. 70, p. 4. ; Complaint, Dckt.No. 1, ¶ 15. Debtor alleges that after resetting the house on the foundation, PHH tried to further alleviate the problem with 4x4 lumber, an inadequate repair and a violation of the code. Brief in Opposition, Dckt.No. 70, p. 4. County inspector Harvey was called to the site three times for the final inspection before passing the site on November 22, 2005. Brief in Support, Dckt.No. 59, ¶. 4-5. Mr. Harvey issued the Certificate of Occupancy at that time. Id.

Debtor alleges that the Defendant PHH failed to adequately perform under the contract and initiated a lawsuit in the Superior Court of Chatham County. Complaint,

Dckt.No. 1 ¶¶ 7, 8. The Superior Court ordered arbitration pursuant to the Georgia Arbitration Code, O.C.G.A. § 9-9-1 et seq. Debtor filed Chapter 13 in this Court on October 3, 2006. This Court granted PHH relief from stay in order to pursue arbitration. The parties submitted the matter to arbitration before Donald Macdonald of the American Arbitration Association. Id. at 12-13. The Arbitrator awarded $169,703.81 to PHH and $69,213.08 to Debtor for a net award of $100,490.73 to PHH. Id. Debtor filed this adversary proceeding on February 2, 2008, to modify the Arbitrator's award or to vacate and give equitable relief. Id. at 1. In the Complaint, Debtor "requests that the Court compel Defendant Bryan County to enforce its ordinances with regard to building codes and cite Defendant PHH for its failure to construct the home in accordance with code and compel full repair by Defendant PHH." Complaint, Dckt.No. 1, Count V. This is the only Count in which Bryan County is named. Defendant Bryan County, in its Motion for Summary Judgment, raised issues of sovereign immunity, failure to comply with ante-litem notice requirement, improperly pled damages, and the impropriety of mandamus under these circumstances. Brief in Support, Dckt.No. 59.

## CONCLUSIONS OF LAW

### Standard of Review

Summary judgment may only be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). This Rule is applicable to motions for summary judgment in bankruptcy adversary proceedings. See Fed. R. Bankr. P. 7056. The burden is on the moving party to demonstrate

that there is no dispute to any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 156 (1970). However, it is presumed that "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-289 (1968)) (internal quotation marks omitted). At this point, Debtor has only named Defendant Bryan County in Count V of the complaint, and Defendant Bryan County has moved for Summary Judgment on that count.

Mandamus

Debtor's Count V requests that the Court compel Defendant Bryan County to enforce its building codes. This request for relief sounds in mandamus; "whenever . . . a defect of legal justice would ensue from a failure to perform or from improper performance, the writ of mandamus may issue to compel a due performance if there is no other specific legal remedy for the legal rights." O.C.G.A. § 9-6-20. However, "the writ of mandamus does not reach the office, but is a personal action against the official." Harper v. State Bd. of Pardons and Parole, 260 Ga. 132, 132 (1990) (citing Crow v. McCallum, 215 Ga. 692 (1960)). In fact, the Court in Crow held that the city (in that case) did not need to be party to the suit; the writ could not be directed at the office because "[i]t is a personal action against the officer and not one in rem against the office." At 693-94.

Conclusion

In this case, Debtor has named the County as a Defendant and the mandamus action cannot lie against the County. Because the pleadings show that there is no genuine issue as to material fact as to whether an action for mandamus can lie, Defendant Bryan County is entitled to summary judgement on Count V of Debtor's complaint.

ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that Defendants' Motion for Summary is GRANTED and Debtor's Motion opposing Summary Judgment is DENIED. Defendant Bryan County is dismissed as a party Defendant from the case.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 6th day of October, 2009.