# In the United States Bankruptcy Court
# for the
# Southern District of Georgia
## Savannah Division

FILED
at 12 O'clock & 37 min P M
Date February 25, 2010
ck
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia

| | |
|---|---|
| In the matter of: ) | |
| ) | Adversary Proceeding |
| KATHY A. CLARK ) | |
| (Chapter 13 Case Number <u>06-41391</u>) ) | Number <u>08-4006</u> |
| ) | |
| *Debtor* ) | |
| ) | |
| ) | |
| ) | |
| KATHY A. CLARK, Individually and ) | |
| as Custodian and Legal Guardian of ) | |
| KATHRYN RENEA CLARK ) | |
| ) | |
| *Plaintiffs* ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| PALM HARBOR HOMES, INC., ) | |
| SCOTT LAMIRAND, ) | |
| MICHAEL MARX, and ) | |
| BRYAN COUNTY, GEORGIA ) | |
| ) | |
| *Defendants* ) | |

### MEMORANDUM AND ORDER
### ON MOTION FOR PARTIAL SUMMARY JUDGMENT,
### MOTION TO ADD PARTY AND TO AMEND COMPLAINT,
### MOTION FOR RECONSIDERATION, AND
### MOTION TO AMEND COMPLAINT

This case has a tortuous history in the bankruptcy court, in the Superior Court of Chatham County, and before an arbitrator. That history is summarized in this Court's Memorandum and Order entered May 29, 2009, the terms of which are incorporated

herein by reference in the interest of brevity. <u>Order</u>, Dckt. No. 32. Since the entry of that Order, which ruled on the issues that were not foreclosed from further litigation by the arbitration award, the following pleadings have been filed:

1) Motion for Partial Summary Judgment filed by Palm Harbor Homes, Inc., on August 27, 2009. Dckt. No. 60.

2) Motion to Add Party and to Amend Complaint filed by Kathy A. Clark, et al., on September 16, 2009. Dckt. No. 75.

3) Motion for Reconsideration filed by Kathy A. Clark, et al., on October 8, 2009. Dckt. No. 90.[1]

4) Motion to Amend Complaint filed by Kathy A. Clark, et al., on January 27, 2010. Dckt. No. 101.

As the pleadings in the case have proliferated, the Court has spent significant time conferring, principally with counsel for the parties, Palm Harbor Homes, Inc. ("Palm Harbor"), and Kathy A. Clark, in an attempt to forge a global settlement or resolution of all the issues. While the parties have—in my view—acted in good faith, it is now clear that no settlement is forthcoming. This is particularly unfortunate because the cost of further litigation will be significant, the Debtor faces the potential of remaining obligated on a substantial financial obligation to Palm Harbor which she may not be able to afford, and Palm Harbor faces the risk of a substantial reduction in the amount of its claim as determined

---

[1] Filed in response to Order Granting Summary Judgment to Defendant Bryant County and Dismissing Bryant County as a Party Defendant. <u>Order</u>, Dckt. No. 89 (October 7, 2009).

by the arbitrator on an interim basis. Nevertheless, because of the financial circumstances in which the parties find themselves, together with their sincere belief in the merit of their respective positions, I have concluded that it is now past time for the case to move forward. Accordingly, I enter the following rulings on the outstanding Motions.

1) Motion for Partial Summary Judgment, Dckt. No. 60.

   Defendant Palm Harbor Homes, Inc., Scott Lamirand and Michael Marx's Memorandum of Law in Support of Their Motion for Partial Summary Judgment, Dckt. No. 61.

   Plaintiffs' Brief Opposing Motion for Summary Judgment of Palm Harbor Homes, Inc., Scott Lamirand and Michael Marx, Dckt. No. 72.

   In this Motion for Partial Summary Judgment, Palm Harbor directly attacks the claims asserted by the Plaintiff to the extent that they sound in tort rather than breach of contract.

   a) Burden of Proof

   Federal Rule of Bankruptcy Procedure 7056 makes Federal Rule of Civil Procedure 56 applicable to bankruptcy adversary proceedings.[2] "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" In re Williamson, 414 B.R. 895, 899 (Bankr. S.D. Ga. 2009) (Davis, J.) (citing Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). The burden is on the moving party to

---

[2] Fed. R. Civ. P. 56(c)(2) states that summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

3

demonstrate that there exists no dispute as to any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 156 (1970). The court must "view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion." Cast Steel Prods., Inc. v. Admiral Ins. Co., 348 F.3d 1298, 1301 (11th Cir. 2003). Movant Palm Harbor has failed to carry its burden. I deny the Motion for Partial Summary Judgment filed by Palm Harbor for the following reasons.

### b) The Statute of Limitations Defense

Palm Harbor contends that Plaintiffs' tort claim is time-barred by the statute of limitations. Reply Brief, Dckt. No. 83, pp. 1-2 (September 28, 2009). However, Plaintiffs filed their original complaint in Chatham County Superior Court on December 12, 2005. Clark v. Palm Harbor Homes, Inc., CV05-1908-AB. I take judicial notice of the contents of Plaintiffs' complaint in the superior court. "It recognized that a court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (quotations omitted). The complaint filed in Plaintiff's original pleading makes the following allegations:

In ¶ 6 of the complaint, Plaintiff alleges that

> Plaintiff's granddaughter, Kathryn Clark, suffers from medical conditions which cause severe emotional and physical harm when she is required to move around or have disruptions to her schedule . . . .

> Plaintiff Kathy Clark has suffered physical and financial injury as well.

In ¶ 10 of the complaint, Plaintiff alleges that

> As a direct and proximate result of [Palm Harbor]'s breach of express warranties, Plaintiff... have [sic] suffered damages to both person and property.

In ¶ 13 of the complaint, Plaintiff alleges that

> As a direct and proximate result of [Palm Harbor]'s breach of implied warranties, Plaintiff... have [sic] suffered damages to both person and property.

In ¶ 15 of the complaint, Plaintiff alleges that

> [t]hese Defendants were negligent and/or grossly negligent

in multiple facets of the construction.

In ¶ 16 of the complaint, Plaintiff alleges that

> Plaintiffs have also suffered personal injuries as a result of [Palm Harbor]'s negligence and negligent misrepresentations regarding the completion of the house.

Clark v. Palm Harbor Homes, Inc., CV05-1908-AB (Chatham County Superior Court, December 12, 2005).

Federal Rule of Civil Procedure 8(a)(2) states that "[a] pleading that

5

states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs met the requirement of Federal Rule 8(a)(2) by plainly stating the injury and the theories of recovery.

Plaintiffs' negligence claim is therefore not time-barred. Plaintiffs clearly and timely demanded damages for personal injuries under the theories of negligence and gross negligence on December 22, 2005. Palm Harbor concedes that any alleged injury happened between June 2005 and November 2005. Reply Brief, Dckt. No. 83, p. 2. Because this claim was asserted prior to the expiration of the two year personal injury statute of limitations, Defendant is not entitled to partial summary judgment on this ground. *See* O.C.G.A. § 9-3-33.

c) Special Relationship Requirement

In the alternative, Palm Harbor asserts that the dispute between the parties is a pure breach of contract action out of which no cause of action for personal injury damages is recoverable. Palm Harbor points out that "[i]t is well settled that mere failure to perform a contract does not constitute a tort." ServiceMaster Co., L.P. v. Martin, 556 S.E.2d 517, 521 (Ga. Ct. App. 2001) (citing Wynn v. Arias, 531 S.E.2d 126 (Ga. Ct. App. 2000); Brown v. Hilton Hotels Corp., 211 S.E.2d 125 (Ga. Ct. App. 1974)). Palm Harbor

acknowledges that a narrow exception is recognized in limited cases where a special relationship exists between the parties. Tate v. Aetna Cas. & Sur. Co., 253 S.E.2d 775, 777 (Ga. Ct. App. 1979) ("Even where it is shown that the defendant's failure to perform resulted in great annoyance or hardship to the plaintiff, recovery in tort is available only if the . . . contract is within those 'certain classes of contracts that create a relation from which the law implies duties a breach of which will constitute a tort.'" (citing Thomas v. Phoenix Mut. Life Ins. Co., 236 S.E.2d 510, 511 (Ga. Ct. App. 1977))). Contractor-landowner is one such relationship. Synthetic Industries, Inc. v. Whitlock, Inc., 439 F. Supp. 1297, 1300 (N.D. Ga. 1977) (citing Howell v. Ayers, 202 S.E.2d 189 (Ga. Ct. App. 1973)).

In fact, Georgia courts have held that "a negligent construction claim arises . . . from breach of a duty implied by law to perform the work in accordance with industry standards." Schofield Interior Contractors, Inc. v. Standard Bldg. Co., Inc., 668 S.E.2d 316, 318 (Ga. Ct. App. 2008) (citing Fussell v. Carl E. Jones Dev. Co., 428 S.E.2d 426 (Ga. Ct. App. 1993); Rowe v. Akin & Flanders, Inc., 525 S.E.2d 123 (Ga. Ct. App. 1999)). *Accord* Young v. Oak Leaf Builders, Inc., 626 S.E.2d 240, 244 (Ga. Ct. App. 2006).

Still, Palm Harbor argues that "Plaintiff cannot demonstrate the requisite 'special' relationship between the parties so as to sustain a tort claim (or tort damages) arising out of an alleged breach of contract." Memorandum, Dckt. No. 61, p. 3. Palm Harbor—while denying that such a relationship existed—seems to read the exception, if shown, as merely enlarging the recoverable damages beyond normal contract, i.e. economic, damages to include damages for personal injury. However, as I interpret the special relationship

exception, when that relationship exists, a separate legal duty arises independent of the contract, and a breach of that duty is a tort, entitling a plaintiff to seek damages for personal injury. In other words, the relationship does not merely enlarge the scope of damages that can arise from a breach of contract (which can be established even absent negligence); rather the relationship gives rise to a completely separate cause of action, one requiring proof of negligence. It is undisputed that a contractor / landowner relationship existed. As a result, Plaintiff may attempt to recover for breach of contract or in tort, based on negligence.

The additional argument advanced by Palm Harbor—that there was no causal connection between its acts and Plaintiffs' injuries—is merely a disguised legal conclusion as to causation, that when considered in the light most favorable to the non-moving party, Clark, as required by Federal Rule 56, presents a material question of fact to be determined at trial. Accordingly, because Palm Harbor has failed to show that there is no genuine issue of material fact, Palm Harbor has not carried its burden and is not entitled to a grant of partial summary judgment. Palm Harbor's <u>Motion for Summary Judgment as to Tort Claims</u>, Dckt. No. 60 is DENIED.

2) <u>Motion to Add Party and to Amend Complaint</u>, Dckt. No. 75.

After a review of the pleadings, the briefs of the parties, and applicable authority, I deny the Motion to Amend filed by the Plaintiffs for the following reasons.

a) <u>Failure to Comply with Local Rule 16.3</u>

Plaintiffs filed this adversary case on February 8, 2008. <u>Complaint</u>, Dckt. No. 1. Defendants filed their answer on March 6, 2008. <u>Answer</u>, Dckt. No. 7. United States District Court, Southern District of Georgia Local Rule 16.3 was incorporated into our Bankruptcy Local Rules by the "Uniformity of Practice" provision of the Bankruptcy Local Rules. Local Rule 16.3 states that a party seeking to amend the pleadings under Federal Rule of Civil Procedure 15 must do so within sixty days after the issue is joined by the filing of an answer. Because an answer was filed on March 6, 2008 (<u>Answer</u>, Dckt. No. 7), and Plaintiff did not seek to amend the pleadings until September 16, 2009 (<u>Motion</u>, Dckt. No. 75), Plaintiffs have failed to comply with Local Rule 16.3. Despite Plaintiffs' failure to adhere to the Local Rules, I am loath to deny Plaintiffs' motion on procedural grounds alone because I am required to "freely give leave as justice requires." Fed. R. Civ. P. 15(a)(2). Accordingly, I will consider the two requests to amend in more detail.

b) <u>Failure to Show Good Cause</u>

Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." This has been interpreted to mean that a party that moves to amend its complaint after the scheduled deadline for filing motions must show good cause why the motion should be granted. <u>Ray v. Equifax Info. Services</u>, LLC, 327 F. App'x 819, 822 (11th Cir. 2009). This burden falls on the moving party, and if that party fails to show good cause for the untimeliness of the filing, the court should deny the motion.

9

In <u>Maynard v. Board of Regents of the Division of Univs. of the Fla. Dept. of Educ.</u>, the court denied movant's motion to amend, noting that the motion to amend, filed on the final day allowed by the scheduling order, failed to show good cause for the eleventh hour motion. 342 F.3d 1281, 1287 (11th Cir 2003). In fact, the court went on to say that there seemed to be no good reason the motion could not have been filed earlier. <u>Id.</u> In <u>Keeler v. Fla. Dept. of Health</u>, the court denied movant's motion to amend because it came after the deadline set in schedule. 324 F. App'x 850, 854 (11th Cir. 2009). The court noted that movant offered no explanation for the amendment, and that allowing such an amendment would "undermine the critically important concept of finality." <u>Id.</u>

In this case, Plaintiffs seek to amend their complaint, adding defendants and claims long after the scheduling order deadline. Plaintiffs have alleged no good cause for the untimeliness of the amendment, only that "Defendant Bryan County has asserted that [Neil] Smiley is the proper party for the claim for mandamus." <u>Motion</u>, Dckt. No. 75, ¶ 2. This is not good cause for the addition of a defendant, and Plaintiffs make no explanation for their delay in adding claims against former defendant Bryan County.

c) <u>Motion to Add Party</u>

Plaintiffs have moved to add Neil Smiley as a party defendant, and to add claims against former defendant Bryan County for trespass and taxation.[3] <u>Motion,</u>

---

[3] Bryan County was dismissed as a Party Defendant on October 7, 2009. <u>Order</u>, Dckt. No. 89.

Dckt. No. 75 (September 16, 2009). Bankruptcy Rule 7015 makes Federal Rule of Civil Procedure 15 applicable in adversary proceedings. Pursuant to Federal Rule of Civil Procedure 15(a)(2), after 21 days, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The court is given discretion to determine whether a party should be granted the opportunity to amend. Foman v. Davis, 371 U.S. 178, 182 (1962). Any outright refusal to grant leave to amend without "any justifying reason" is arguably not truly an exercise of discretion, but rather is an abuse of discretion, and inconsistent with the Federal Rules. Id. (listing "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" as adequate reasons to deny leave to amend). In this district, the court has exercised its discretion by increasing the deadline to amend in every case from 21 days to 60 days. *See* discussion *supra* Part (2)(a). In so doing, I hold that any further request to amend must meet a higher standard than many of the published cases require.

In any event, one justification for denial of leave to amend is undue delay. Id.; Equifax, 327 F. App'x at 822; Keeler, 324 F. App'x at 854 (noting that the late amendment would "unfairly prejudice the [non-moving party] and invariably delay a resolution of the case"); Maynard, 342 F.3d at 1287 (listing "undue delay" as one of numerous grounds to deny a motion to amend); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001). *Cf.* Kelly v. Provident Life and Acc. Ins. Co., 2009 WL 5171033, *1 (D. Vt.

11

2009) ("Delay alone, without some evidence of bad faith or prejudice to the other party, is generally not enough to warrant denial of a motion to amend.") (citing Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234-35 (2d Cir. 1995)).

In this case, the motion to amend was filed on September 16, 2009. Motion, Dckt. No. 75. The adversary proceeding was filed on February 8, 2008. Complaint, Dckt. No. 1. Approximately 19 months elapsed between the two filings. The delay in attempting to name Neil Smiley as a party is undue, considering that he could have been named in the original complaint. *See* Woodruff v. Williamson, 2009 WL 2997005, *2 (M.D. Pa. 2009) (refusing to grant leave to amend when movant knew of his right and failed to assert a claim for over 2 years); Evansville Greenway and Remediation Trust v. Southern Ind. Gas and Elec., 2009 WL 3163180, *24 (S.D. Ind. 2009) (noting that litigation that is already two years old and heading toward resolution should not be stalled by the addition of a new third-party defendant).

Plaintiffs are seeking to amend the complaint long after July 28, 2009, the discovery deadline established by this Court's amended scheduling order (Order, Dckt. No. 40). It is also long past the deadline for filing motions, August 27, 2009, set in that same order. Id. Granting Plaintiffs' motion to add a new party, who would have the right to engage in discovery and motion practice, at this stage would force a lengthy delay in trying this case which is both ready and overdue for trial. For these reasons, I deny Plaintiffs' motion to add Neil Smiley as a Party Defendant.

d) <u>Motion to Add Claims</u>

Nor will I permit amendment of the pleadings to allow the addition of trespass and taxation claims against Defendant Bryan County. Even assuming these claims had been timely asserted, the trespass and taxation actions are purely matters of state law which this Court would likely abstain from hearing pursuant to 28 U.S.C. § 1334(c)(1). *See* <u>In re R.J. Groover Constr., LLC</u>, 411 B.R. 473, 480 (Bankr. S.D. Ga. 2008) (Davis, J.); <u>In re Fussell</u>, 303 B.R. 539, 547 (Bankr. S.D. Ga. 2003) (Davis, J.); <u>In re Chadwick</u>, 296 B.R. 876, 883 (Bankr. S.D. Ga. 2003) (Davis, J.). Plaintiffs still have the opportunity to assert any state law trespass or taxation claims against Bryan County in superior court, assuming such claims are not time barred by the statute of limitations. However, because the issue of Bryan County's alleged trespass on Plaintiff's property and taxation of her property could have been asserted earlier, and an amendment at this late date shares the same infirmity as the aforementioned motion to add a new party, I deny Plaintiffs' motion to add a claim for trespass and taxation against Defendant Bryan County.

Accordingly, Plaintiffs' <u>Motion to Amend</u>, Dckt. No. 75 is DENIED.

3) <u>Motion for Reconsideration, Dckt. No. 90</u>.

I have considered the Plaintiffs' Motion for Reconsideration and the response by Defendant Bryan County and reaffirm the previous ruling dismissing Bryan County as a party defendant in this case. Accordingly, the <u>Motion for Reconsideration</u>, Dckt. No. 90, is DENIED.

4) <u>Motion to Amend Complaint</u>, Dckt. No. 101.

<u>Plaintiffs' Sur-Reply Brief Opposing Motion for Summary Judgment of Defendant, Palm Harbor Homes, Inc., Scott Lamirand and Michael Marx</u>, Dckt. No. 100.

Plaintiffs move to clarify ¶ 17 of the complaint through an amendment. In the amended complaint, Plaintiffs seek confirmation of the arbitrator's award "including rendering a determination upon the personal injury claim reserved by the arbitrator for a ruling by this Court." <u>Motion</u>, Dckt. No, 101, p. 1 (January 27, 2010). As mentioned above, after 21 days "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Here, the Plaintiffs asserted these causes of action in Chatham County Superior Court and the arbitrator abstained from ruling on personal injury claims, reserving them for a different forum. <u>Award</u>, Dckt. No. 1, p. 13. This Court is a proper forum pursuant to 28 U.S.C. § 1334(b), which gives this court "original . . . jurisdiction of all civil proceedings . . . arising in or related to cases under title 11." Because the claims were timely pleaded, because the amendment does not add any parties or causes of action, and because the complaint as amended leaves a cleaner and more understandable record, Plaintiffs' <u>Motion to Amend Complaint</u>, Dckt. No. 101 (January 27, 2010) is GRANTED.

## ORDER

Pursuant to the foregoing IT IS THE ORDER OF THIS COURT that Defendants' Motion for Partial Summary Judgment filed on August 27, 2009, Dckt. No. 60, is DENIED.

That Plaintiffs' Motion to Add Party and to Amend Complaint filed on September 16, 2009, Dckt. No. 75, is DENIED.

That Plaintiffs' Motion for Reconsideration filed on October 8, 2009, Dckt. No. 90, is DENIED.

That Plaintiffs' Motion to Amend Complaint filed on January 27, 2010, Dckt. No. 101, is GRANTED.

IT IS THE FURTHER ORDERED that the parties file:

1) A consolidated list and copies of all Exhibits which are stipulated to be admissible;

2) Separate lists of any Exhibits which are objected to by the opposing party, and an explanation of the basis of any objection;

3) Copies of all expert reports to be relied upon at trial;

4) Witness lists; and

5) Trial time estimates

by March 22, 2010.  A trial of the case is assigned for

Monday, March 29, 2010
at 10:00 o'clock a.m.
Bankruptcy Courtroom
United States Courthouse
Savannah, Georgia

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This __24th__ day of February, 2010.